**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DANIELLE MARIE BUSH,**

        **Plaintiff,**

 vs.              **5:13-CV-994
                    (MAD/ATB)**

**CAROLYN W. COLVIN,**
*Acting Commissioner of Social Security*,

        **Defendant.**
_____

**APPEARANCES:**        **OF COUNSEL:**

**LEGAL SERVICES OF CENTRAL**  **CHRISTOPHER CADIN, ESQ.**
**NEW YORK**
472 South Salina Street, Suite 300
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION** **SERGEI ADEN, ESQ.**
Office of General Counsel
26 Federal Plaza, Room 3904
New York, New York 10278
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

  Plaintiff Danielle Marie Bush brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c), seeking judicial review of the Commissioner of Social Security's ("Commissioner") decision to deny her application for Supplemental Security Income ("SSI") under the Social Security Act. Presently before the Court are the parties' cross-motions for judgment on the pleadings. *See* Dkt. Nos. 10, 12. This matter was referred to United States Magistrate Judge Andrew T. Baxter for a Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d), familiarity with which is assumed.

Plaintiff protectively filed an application for DIB benefits on September 28, 2010, alleging a disability onset date of September 28, 2009. *See* Dkt. No. 13 at 1. On January 5, 2011, Plaintiff's application was initially denied, and upon Plaintiff's request, a hearing was held on December 8, 2011. Dkt. No. 10 at 6. On December 21, 2011, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim for benefits, finding that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). *Id.* Plaintiff timely filed a request for a review of the ALJ's unfavorable hearing decision. *Id.* The Appeals Council denied review by letter dated June 28, 2013, thereby making the ALJ's decision the final determination of the Commissioner. *Id.* On August 16, 2013, Plaintiff commenced this action seeking judicial review of the Commissioner's unfavorable decision. *See* Dkt. No. 1.

In his December 8, 2014 Report-Recommendation, Magistrate Judge Baxter found that the ALJ misconstrued the applicable legal standards in finding that Plaintiff's fibromyalgia was not a severe impairment and that this determination was not supported by substantial evidence; erred by assigning reduced weight to treating physician Dr. Hurley's opinions based on improper factors and without considering the opinion's consistency with medical evidence in the record; and failed to specify adequately the extent to which he considered relevant evidence in assessing Plaintiff's credibility. *See* Dkt. No. 13 at 11-13, 17-26. Magistrate Judge Baxter therefore recommended that the Court vacate the Commissioner's decision and that the matter be remanded to the Commissioner for further proceedings. *See id.* at 29-30. Neither party objected to Magistrate Judge Baxter's Report-Recommendation.

In reviewing a final decision by the Commissioner under 42 U.S.C. § 405, the Court does not determine *de novo* whether a plaintiff is disabled. *See* 42 U.S.C. §§ 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Court must examine the

Administrative Transcript to ascertain whether the correct legal standards were applied and whether the decision is supported by substantial evidence. *See Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000); *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations and internal quotation marks omitted). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and "may not substitute its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted). Failure to object timely to any portion of a magistrate judge's report operates as a waiver of further judicial review of those matters. *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

Having carefully reviewed Magistrate Judge Baxter's Report-Recommendation, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Baxter correctly determined that the ALJ improperly discounted the treating physician's opinions without sufficient explanation and failed to explain properly his consideration of relevant evidence in evaluating Plaintiff's credibility, thereby undermining the ALJ's residual functional capacity finding and determination of no disability. As such, the Court finds that Magistrate Judge Baxter correctly determined that the decision of the Commissioner should be vacated and the matter be remanded.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's December 8, 2014 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **VACATED** and this matter is **REMANDED** to the Commissioner for further proceedings consistent with Magistrate Judge Baxter's Report-Recommendation; and the Court further

**ORDERS** that the Clerk shall enter judgment and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 15, 2015
Albany, New York

Mae A. D'Agostino
U.S. District Judge